LADD, Respondent, vs. MINNEAPOLIS, ST. PAUL & SAULT
   STE. MARIE RAILWAY COMPANY, Appellant.

*February 22—March 15, 1910.*

*Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 142 Wis. 154, followed.

APPEAL from a judgment of the circuit court for Rusk
county: MARTIN L. LUECK, Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of
*John L. Erdall,* attorney, and *A. H. Bright,* of counsel, and
for the respondent on that of *Samuel A. Anderson* and
*W. H. Stafford.*

WINSLOW, C. J.    This is an action brought against a rail-
road company by one of its employees to recover for injuries
caused by the negligence of his co-employee.    Trial by jury
was waived.    The facts were stipulated, and were in effect
that the plaintiff was working for the defendant as a crane-
man upon a steam shovel being operated by defendant at
Osceola, Wisconsin, loading cars with dirt to be used in bal-
lasting its roadbed, and that he was injured solely by the
negligent act of his co-employee, the engineer, in moving his
lever too far to the right; that the duties which the plaintiff
and the engineer were performing were the same in character
as those ordinarily performed by engineers and cranemen on
steam shovels in making excavations for ordinary business
purposes, and the risks and hazards were no different from
those involved in operating steam shovels for individuals or
firms at places entirely disconnected from the railway busi-
ness; and that the act which resulted in the injury was in no
manner connected with the transportation business of the de-
fendant.

The defendant, both by answer and by request to the court
to make findings, insisted that ch. 254, Laws of 1907 (under

which plaintiff must recover, if at all), is unconstitutional because it violates secs. 1, 5, 9, 13, and 22, art. I, and sec. 2, art. VII, of the constitution of .Wisconsin, as well as sec. 1 of the XIVth amendment of the federal constitution. The court, however, ruled that the act in question was valid and entered judgment for the plaintiff for the stipulated damages, from which judgment the defendant appeals.

In this court the appellant contends that ch. 254 aforesaid is void because it offends against the XIVth amendment to the federal constitution in that (1) it denies to railroad companies the equal protection of the law; (2) it denies to shop and office employees the equal protection of the law; (3) it denies to employees of other persons the equal protection of the law; (4) it deprives railroad companies of their property without due process of law; (5) it deprives the employees included in the act of their property without due process of law.

These contentions have all been decided adversely to the defendant in the *Kiley Case,* which was before this court upon demurrer to the complaint in 138 Wis. 215, 119 N. W. 309, 120 N. W. 756, and which is decided upon the merits herewith *(ante,* p. 154, 125 N. W. 464). Following those decisions, the present judgment must necessarily be affirmed.

*By the Court.*—Judgment affirmed.

MARSHALL, J.   My views in this case are sufficiently indicated in my opinion in *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, at page 232 (119 N. W. 309, 316), and my opinion in the same case on the second appeal, decided herewith *(ante,* p. 154, 125 N. W. 464). I refer to those opinions and abstain from rediscussing the matter.